IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TONY LEE SMITH, #152 953 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-885-WKW |
| | | (WO) |
| RICHARD ALLEN - COMMISSIONER, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Tony Smith, a state inmate, complains that his right to practice his religion is being violated. Plaintiff is currently incarcerated at the St. Clair Correctional Facility. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same

---

[1] Attached to Plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. This court, however, makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northernn District of Alabama.

State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from Plaintiff's recitation of the facts that virtually all the events giving rise to his claims and the operative facts underlying his cause of action have and/or are predominantly occurring at a correctional institution located in the Northern District of Alabama, an institution in which Plaintiff is currently incarcerated. Those individuals personally responsible for the operation and conditions of this facility are employed at an institution outside the jurisdiction of this court. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's confinement are located in the Northern District of Alabama. Moreover, this district has virtually no connection to the violations about which Plaintiff complains regarding his alleged inability to engage in the practice of his religion at the St. Clair Correctional Facility. Although by virtue of their positions as Commissioner and Associate Commissioner of the Alabama Department of Corrections, Defendants Allen and DeLoach reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Plaintiff also names as defendants four individuals who are employed as chaplains at various facilities around the State of Alabama. Thus, not all of these

defendants reside in the Middle District of Alabama, but by virtue of their status as members of the Alabama Department of Corrections' Religious Activity Review Committee, they, too, are amendable to suit in all federal courts of this state.

In sum, the Northern District of Alabama is the most convenient forum for Plaintiff and is a significantly more convenient forum for a vast majority of the witnesses and evidence associated with this case. It is also the site of the alleged injury, and has the greatest connection to the occurrences at issue in this suit. In light of these considerations, the undersigned concludes that in the interest of justice and for the convenience of the parties transfer of this case to the United States District Court for the Northern District of Alabama for review and determination pursuant to 28 U.S.C. § 1404(a) is appropriate.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before **October 23, 2007** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of October, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE